**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FREDERICK O. SILVER, on behalf of himself and all others similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 21 C 127** |
| | ) | |
| **JONATHAN MEANS, RICH CHRISTENSEN, TODD GILMAN, and STAFF MANAGEMENT SOLUTIONS, LLC,** | ) ) ) | **Judge Rebecca R. Pallmeyer** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

Defendants Staff Management Solutions, LLC, Jonathan Means, Rich Christensen, and Todd Gilman move to enforce a settlement agreement reached by the parties on an April 30, 2021 telephone call. For the following reasons, the Defendants' motion is granted, and the case is dismissed with prejudice. Consistent with the parties' oral agreement, Defendants are instructed, within 7 days, to furnish a document memorializing the terms of the settlement agreement that omits Plaintiff's Social Security number.

## STATEMENT

Magistrate Judge Kim presided over a settlement conference in this case on April 30, 2021 and, in a Report and Recommendation, has set forth facts that support his conclusion that the agreement reached at that time should be enforced. (Report and Recommendation [hereinafter, "R&R"] [55].) Briefly, Plaintiff Frederick O. Silver, a former employee of Defendant Staff Management Solutions, LLC, filed this action against Staff Management Solutions and three of its directors, alleging that by complying with a Nevada state court wage garnishment order, Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Texas Finance Code Chapter 392, and his right to be free from unreasonable and wrongful collections under Texas common law. After multiple days of negotiations, Magistrate Judge Kim conducted a settlement

conference on April 30, 2021 and entered an order [25] at its conclusion, confirming that the parties had reached a resolution. The April 30 conference was transcribed and is filed under seal, (SEALED April 30, 2021 Tr. [41].) In his April 30 order, Judge Kim directed Defendants to email the finalized written agreement to Plaintiff by May 3, 2021. When Defendants sent the agreement to Plaintiff on May 3, Plaintiff refused to sign it, claiming the parties "were NOT able to resolve this matter" in their settlement discussions. (Mot. to Reinstate [27] at 2.) Defendants then filed a motion to enforce [29] the verbal settlement reached by the parties in open court. On June 7, 2021, Magistrate Judge Kim issued his R&R [55], recommending that the court grant Defendants' motion to enforce the settlement agreement.

On June 14, June 17, and June 21, 2021, Silver filed objections [56–58] to Magistrate Judge Kim's recommendation. Silver claims that there was no enforceable deal because he never signed the written draft agreement emailed to him by the Defendants and because Defendants' counsel lacked authority to make such an agreement without the Defendants themselves present. Plaintiff also argued that any determination of whether a settlement was reached should be made under Texas law because of his claims arising out of Chapter 392 of the Texas Finance Code and the Texas common law right to be free from unreasonable and wrongful collections. Finally, Plaintiff claimed that Defendants had defrauded him by including his Social Security number in the settlement document despite earlier assurances that they would exclude the number from any document memorializing the agreement.

Where a party timely objects to a magistrate's recommendation on a dispositive matter, the district court reviews that recommendation *de novo*. FED R. CIV. P. 72(b)(3). For the purposes of a magistrate's recommendation, motions to enforce settlement agreements are considered dispositive motions and thus warrant *de novo* review. *See Svanaco, Inc., v. Brand*, No. 15-cv-11639, 2021 WL 2526234, at *3 (N.D. Ill. June 21, 2021) ("[Plaintiff]'s motion to enforce the settlement is dispositive of the parties' claims and therefore [the resulting report and recommendation] must be reviewed *de novo*."); *see also Thompson v. ATG Credit, LLC*, No. 18

C 1992, 2018 WL 4517676, at *6 (N.D. Ill. July 17, 2018) (affording *de novo* review to a report and recommendation surrounding a settlement agreement "because the referred matter is determinative of [defendant]'s defense"). In conducting *de novo* review, the court is called upon to "decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The district court may, however, "be persuaded by the reasoning of a magistrate judge . . . while still engaging in an independent decision-making process." *Id.* After conducting its review, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

First, the court examines whether, in a settlement conference before the magistrate judge in open court, the parties verbally reached an enforceable agreement. State law governs this question. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002) (collecting cases). In making his recommendation, Magistrate Judge Kim applied Illinois state law, noting Defendants' assumption that Illinois law applied, as well as Plaintiff's failure to challenge that assumption. (R&R at 5.) Plaintiff claims that he *did* challenge Defendants' assumption before Judge Kim made his recommendation, arguing that Texas contract law should apply due to his Texas statutory and common law claims. Plaintiff does not indicate in what ways, if any, Texas contract law materially differs from Illinois contract law. Regardless, Judge Kim was correct on this score; Illinois law applies because "[i]ssues regarding the formation, construction, and enforceability of a settlement agreement are governed by *local* contract law." *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000) (emphasis added). Indeed, a settlement agreement "is enforced, 'just like any other contract' under the state law of contract." *Holmes v. Potter*, 552 F.3d 536, 539 (7th Cir. 2008) (quoting *Dillard v. Starcon Int'l*, 483 F.3d 502, 508 (7th Cir. 2007)). Although this settlement conference took place over the phone, it was hosted by a magistrate judge sitting in Illinois, regarding a suit filed in the Northern District of Illinois, so it is Illinois contract law that applies in determining whether a binding contract was formed. *See Pohl*,

213 F.3d at 338 (applying Indiana contract law to determine if an enforceable agreement had been formed to settle a case in the Southern District of Indiana); *see also Laserage Tech. Corp. v. Laserage Lab'ys, Inc.*, 972 F.2d 799, 802 (7th Cir. 1992) (looking to Illinois contract law for guidance in determining whether an enforceable agreement had been formed to settle a case in the Northern District of Illinois).

Under Illinois law, oral settlement agreements are enforceable where "there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Dillard*, 483 F.3d at 507 (internal quotations omitted). The essential terms of the agreement "must be 'definite and certain' so that a court can ascertain the parties' agreement from the stated terms and provisions." *Id.* (quoting *Quinlan v. Stouffe*, 355 Ill. App. 3d 830, 837–38, 823 N.E.2d 597, 603 (4th Dist. 2005)). It is the parties' "objective conduct, not their subjective beliefs" that determines whether the requisite "meeting of the minds" occurred. *Dillard*, 483 F.3d at 507 (citing *Paxton-Buckley-Loda Educ. Ass'n, IEA-NEA v. Ill. Educ. Lab. Rels. Bd.*, 304 Ill. App. 3d 343, 350, 710 N.E.2d 538, 544 (4th Dist. 1999)).

The history recounted in Magistrate Judge Kim's R&R confirms that the parties in this case reached an enforceable oral agreement at the settlement conference. (*See* R&R at 1–4.) With Judge Kim's participation, the parties reached specific agreements as to the monetary amount Defendants would pay Plaintiff (*id.* at 1–2), the fact that Plaintiff's personal information would be read into the sealed record rather than written into the settlement agreement (*id.* at 2–3), the fact that Defendants would pay Plaintiff's costs (*id.* at 4), and other non-monetary terms. (*Id.* at 2.) Plaintiff now contests the monetary term; he claims he refused to accept anything below $8,000, but Plaintiff verbally agreed to the monetary term in an April 29, 2021 settlement discussion, and did not say that the term was unacceptable to him in the April 30, 2021 phone call the next day, despite Judge Kim mentioning the agreed-upon money amount on five separate occasions throughout that call. (*See generally* SEALED April 30, 2021 Tr.) Similarly, Plaintiff did not object when Judge Kim confirmed in an April 29, 2021 order [24] that the parties had reached a

4

settlement agreement that day as to the monetary term and other collateral non-monetary terms; nor did Plaintiff object when Judge Kim issued another order [25] on April 30, 2021, stating that the parties had resolved the matter. Moreover, toward the end of the April 30, 2021 phone call, Judge Kim stated, "So with that, we do have a settlement," and later—before terminating the call—Judge Kim asked, "Anything else for me, Mr. Silver?" to which Silver replied, "No, Judge."[1] (SEALED April 30, 2021 Tr. at 11, 13.) At no point did Silver express disagreement with Judge Kim's statement that the parties had reached a settlement agreement. Based on Plaintiff's "objective conduct," the court adopts the magistrate report's reasoning and finds that there was "clearly an offer and acceptance . . . and a meeting of the minds" necessary to form an enforceable settlement agreement on April 30, 2021. *Dillard*, 483 F.3d at 507.

Plaintiff contends the agreement is somehow rendered unenforceable by the fact that the individual Defendants did not directly participate in the settlement conference. Defendants themselves, however, do not dispute that their attorney had authority to settle on the terms set forth in the agreement. *See Brewer v. Nat'l R.R. Passenger Corp.*, 165 Ill. 2d 100, 106, 649 N.E.2d 1331, 1334 (1995) ("[T]he existence of the attorney of record's authority to settle in open court is presumed *unless rebutted by affirmative evidence that authority is lacking*." (emphasis in original) (internal quotations omitted)); c*f. Fuery v. City of Chicago*, 900 F.3d 450, 467 (7th Cir. 2018) ("The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds."). More importantly, even if Defendants' attorney lacked authority to settle, where, as here, the parties reach a settlement agreement in open court, this issue of attorney authority to settle cannot "be raised later to create a material question of fact

---

[1]     After Judge Kim said, "So with that, we do have a settlement," Silver did mention that he had "one more thing to add," which was to ask that Defendants cover the costs he had incurred in filing the lawsuit. (SEALED April 30, 2021 Tr. at 11–12.) This request, however, was granted by Defendants, and Judge Kim then asked Silver, before hanging up, whether Silver had any other requests. (*Id.* at 12–13.) Silver had none and in no way indicated any objection to Judge Kim's previous statement that the parties had reached a settlement agreement.

regarding the validity of that settlement reached in open court." *Wilson v. Wilson*, 46 F.3d 660, 665 (7th Cir. 1995).

Silver also contends that the settlement agreement is not admissible because the agreement has not been admitted through a competent witness with an affidavit. (Silver Objections [56] at 2.) It is undisputed, however, that the agreement has not been signed by both sides. Defendants are not arguing otherwise, nor are they offering it in evidence. They contend that the parties reached an oral agreement, and that the written document would have memorialized it. Its admissibility is not an issue on this motion. Additionally, Silver challenges Magistrate Judge Kim's jurisdiction to deny his request for reinstatement of a previous court order requiring the defendants to file a responsive pleading by April 16, 2021. (Suppl. Objections 1 [57].) The parties' agreement to settle the case eliminates the need for Defendants to file a responsive pleading. Judge Kim acted properly in declining to reinstate previous orders.

Lastly, Silver argues Defendants' counsel committed fraud by intentionally including Plaintiff's Social Security number in the draft agreement that Defendants sent Plaintiff on May 3, 2021. (Suppl. Objections 2 [58].) Nothing about this purported fraud defeats the conclusion that the parties entered into a valid oral contract. That contract is enforceable whether or not it was memorialized in writing. In any event, the document Defendants prepared to that end [29] was filed with this court under seal, so it is not accessible to the public and there is no risk of disclosure of Plaintiff's private information. That said, the court recognizes that, in the April 30, 2021 phone call, Silver made clear—in no uncertain terms—that he would not agree to settle unless Defendants could assure him that his Social Security number would not appear on any document memorializing the settlement agreement. (SEALED April 30, 2021 Tr. at 3–4, 6–9.) Defendants inclusion of that information is puzzling (*see* SEALED May 3, 2021 Agreement [29] at 2 ¶ 5), but it does not constitute fraud. *See Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992) ("[An unkept promise alone] is insufficient to make out a claim of promissory fraud, since there is no proof that the defendants made the promise never intending to keep it.").

6

In light of the manifest importance to Silver of keeping his Social Security number off of any document memorializing the settlement agreement, the court directs Defendants to send Silver a revised version of the settlement agreement within 7 days, together with the settlement check.  Because the parties voluntarily agreed to settle this case in open court, Plaintiff cannot repudiate the agreement and it will be "summarily enforced by the court."  *Wilson*, 46 F.3d at 667 (quoting *Cummins Diesel Mich., Inc. v. The Falcon*, 305 F.2d 721, 723 (7th Cir. 1962)).

## CONCLUSION

Defendants' motion to enforce the settlement agreement is granted.  Defendants are directed promptly to send Plaintiff a check in the amount to which the parties agreed and a revised document memorializing the agreement that excludes Plaintiff's Social Security number.  The case is dismissed with prejudice.  Civil case terminated.

ENTER:

Dated:  July 19, 2021

_____
REBECCA R. PALLMEYER
United States District Judge

7